**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3654-19

B.A.,[1]

    Plaintiff-Appellant,

v.

A.S.,

    Defendant-Respondent.

_____

        Submitted October 14, 2021 – Decided November 19, 2021

        Before Judges Gooden Brown and Gummer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0223-15.

        Sekou Law Group LLC, attorneys for appellant (Torkwase Y. Sekou, on the brief).

        Advokat & Rosenberg, attorneys for respondent (Jeffrey M. Advokat, on the brief).

---

[1] We use initials to protect the identities of the parties given the domestic-violence allegations and discussion of parenting-time plans. R. 1:38-3(d)(10), (13).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff appeals an April 17, 2020 order implementing "on a monitored and gradual basis" a parenting plan in which the parties share joint legal and physical custody of their then nine-year-old son. Because the family-division judge did not abuse his discretion in issuing that order, we affirm.

The parties were legally married in 2013, separated in 2014, and divorced in 2016. A February 9, 2016 amended dual judgment of divorce incorporated their property settlement agreement (PSA), which gave the parties joint legal custody of their son, with plaintiff having parenting time from Thursday until Tuesday one week and Thursday until Friday the next week, plus alternating holidays and school vacations and two weeks each summer.

On December 24, 2018, plaintiff filed a motion for sole custody of the parties' son. Defendant cross-moved, seeking to amend plaintiff's parenting time and have it supervised. On January 4, 2019, plaintiff filed a domestic-violence complaint against defendant, alleging she had been harassing and stalking him and threatening his family members. He testified defendant had harassed, stalked, and hit their son. A judge issued a temporary restraining order (TRO)

prohibiting defendant from having contact with plaintiff and their son and gave plaintiff temporary custody of their son.

Three days later, plaintiff filed an order-to-show-cause application, seeking, among other things, an order directing defendant to give plaintiff their son's passport. The judge who had been handling the parties' matrimonial action heard that application and ordered defendant to deposit the passport with the court.

Approximately three weeks later, defendant filed an order-to-show-cause application in the matrimonial action after she learned plaintiff, without telling her, had enrolled their son in a school in a different district. During the hearing on that application, plaintiff, in an apparent effort to explain his actions, testified: "this case is not the case that it was three years ago or even one year ago or even six months ago."

The judge found plaintiff had "secretly" removed the parties' son from his current school system for a "clearly . . . disingenuous" reason and had "sent [him] to an undisclosed location" and in doing so had not acted in the child's best interest. The judge stated plaintiff had indicated he was the minor's only living parent when he enrolled him in the new school. Holding the child could be irreparably harmed by being removed from his school and detached from his

3

mother, the judge granted defendant temporary sole legal and residential custody of the minor and barred plaintiff from having any contact with him until further order of the court. The judge issued an amended TRO, leaving in place the restraints as to plaintiff and memorializing her award of temporary custody to defendant. Plaintiff subsequently sought, and the court granted, dismissal of the TRO.

The day after the dismissal of plaintiff's TRO, defendant obtained a TRO against plaintiff and filed an order-to-show-cause application. The judge issued an order continuing defendant's temporary "sole legal and residential custody" of the parties' son, the suspension of plaintiff's parenting time, and the bar to plaintiff contacting their son until further order of the court. In a subsequent consent order, defendant agreed to dismiss the TRO against plaintiff. On the return date of the custody motions, the judge reserved on plaintiff's application for sole custody and defendant's application to change plaintiff's parenting time; appointed an expert to prepare a best-interest report; and scheduled a plenary hearing. The judge also ordered that plaintiff would have supervised parenting time in the interim.

After the court-appointed expert submitted the best-interest report, the judge then handling the matrimonial matter sent a copy of the report to counsel.

A-3654-19

He asked counsel to advise him if counsel (1) wanted to conduct discovery pursuant to Rule 5:3-3(f); and (2) were in agreement as to the opinions and recommendations set forth in the report. If they were in agreement, he would not conduct a plenary hearing on the custody motions. If they were not in agreement, he would conduct a plenary hearing. Counsel for defendant responded, stating he did not wish to conduct discovery and obtain a report from another expert. Counsel for plaintiff responded, stating she did not want further delay and requested an immediate date to end the dispute. The judge understood from that letter that plaintiff did not wish to conduct discovery or obtain a report from another expert.

At an April 17, 2020 hearing, the judge confirmed with both counsel the parties did not intend to conduct discovery or submit another expert report. The judge asked plaintiff's counsel if plaintiff wanted a hearing during which the parties could cross-examine the court-appointed expert. Plaintiff's counsel initially advised the judge plaintiff did not want a hearing and then asked if she could have time to confer with her client. After the judge had granted her request and after she had spoken multiple times with plaintiff, plaintiff's counsel advised the judge, "I consulted with my client; you can go forward . . . without the cross-examination . . . ." Defendant's counsel confirmed defendant also was waiving

A-3654-19

her right to cross-examine the court-appointed expert. The judge scheduled oral argument on the pending motions to take place that afternoon.

At oral argument, the judge again confirmed each party had waived their rights to conduct discovery, submit a report from another expert, and cross-examine the court-appointed expert and that, with those waivers, the court-appointed expert's report would be the only evidence considered by the judge. Counsel did not object. The judge then gave counsel the opportunity to argue the motions. In her presentation, plaintiff's counsel advised the judge she "agree[d] with the evaluation." In his presentation, defense counsel advised the judge he also agreed to the adoption of the expert's recommendations.

After noting, without objection, "both parents agree that this report says it all," and after making detailed factual findings based on information contained in the report, the judge agreed with the expert's recommendation that it was in the minor's best interest for the parties to share legal and physical custody and that "this be implemented in a monitored and graduating manner" so the parties could "learn[] how to work with one another for the best interest of the child." The judge ordered the retention of a parenting coordinator and adopted the recommendations that "there needs to be a psychotherapeutic intervention as a prerequisite to a more equitable parenting plan" and that "a graduated and

6

monitored parenting plan be implemented by the parenting coordinator, ultimately terminating in the [restoration] of [plaintiff's] parenting time, and contingent upon complying." That day, the judge issued a written order memorializing his directives.

Plaintiff appeals from that order, arguing:

> I. THE TRIAL COURT ERRED IN NOT KEEPING AN ACCURATE RECORD OF ITS PROCEEDINGS AS NUMEROUS TRANSCRIPTS AND CD RECORDINGS OF THE HEARINGS ARE MISSING OR INCOMPLETE.
>
> II. THE TRIAL COURT ERRED IN HOLDING A TELEPHONIC HEARING APRIL 17, 2020, WHEN PLAINTIFF HAD NO KNOWLEDGE THAT THE DEFENDANT WAS NOT PRESENT AND SWORN IN, NOR SERVED WITH NOTICE OF THE HEARING.
>
> III. THE TRIAL COURT ERRED IN RELYING SOLEY ON THE PSYCHOLOGIST'S REPORT TO MAKE ITS RULING.
>
> IV. THE TRIAL COURT ERRED IN NOT MAKING AN INDEPENDENT ASSESSMENT OF THE FACTS, WHEN THE CASE WAS TRANSFERRED FROM THE PREVIOUS TRIAL COURT JUDGE AFTER PLAINTIFF MADE A MOTION FOR RECUSAL OF SAID JUDGE.
>
> V. THE TRIAL COURT ERRED BY CONTINUING THE RESTRAINTS ON THE PLAINTIFF'S PARENTING TIME UNTIL PLAINTIFF COMPLETED THERAPY SESSIONS WITH THE

CHILD IN THE ABSENCE OF ANY FINDINGS
WARRANTING SUCH RESTRICTIONS.

VI. ON REMAND, THIS MATTER SHOULD BE
HEARD BY A DIFFERENT JUDGE

We find insufficient merit in plaintiff's arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and add only the following brief comments.

In this appeal, plaintiff faults the judge for "relying solely on the psychologist's report" and for not taking testimony from the parties and asserts plaintiff "did not agree, nor did [c]ounsel waive any rights." That bald assertion is contradicted by the record. The judge gave the parties an opportunity to conduct discovery, submit a report from another expert or other evidence, and cross-examine the court-appointed expert. Plaintiff's counsel advised the judge in writing before the April 17, 2020 hearing that she did not want further delay. At the hearing, the judge confirmed the parties did not want to conduct discovery or submit other expert reports and plaintiff's counsel, after conferring with plaintiff, stated on the record the judge could proceed without cross-examination of the court-appointed expert. When the judge confirmed the agreed-upon procedure – no discovery, no other reports or evidence, and no cross-examination, leaving the court-appointed expert's report as the only evidence

before the judge – plaintiff's counsel did not object. In fact, she stated her agreement with the report during oral argument.

Recognizing "[a]ppellate review of a trial court's findings in a custody dispute is limited," W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021), we see no error in the judge's reliance on the court-appointed expert's report or in his order requiring the implementation of a parenting plan on a "monitored and gradual basis," which was supported by the expert's report.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION